IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | CASE NUMBER 6:11-CR-00066-RC |
| v. | § | |
| | § | |
| | § | |
| GREGORY DEWAYNE BOLTON | § | |
| | § | |

**REPORT & RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On February 7, 2017, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Gregory Dewayne Bolton. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Public Defender Ken Hawk.

Defendant originally pled guilty to the offense of Conspiracy to Possess with Intent to Distribute Cocaine Base, a Class B felony. The offense carried a statutory maximum imprisonment term of 40 years. The United States Sentencing Guideline range, based on a total offense level of 23 and a criminal history category of IV, was 70 to 87 months. On March 6, 2012, District Judge Leonard Davis sentenced Defendant to 60 months of imprisonment followed by 4 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse aftercare, and a $100 special assessment. Defendant received a sentence below the sentencing guideline range as a result of a Binding Plea Agreement between Defendant and the Government. On November 25, 2014, Defendant completed the term of imprisonment and began his term of supervised release.

Under the terms of supervised release, Defendant was required to report to the probation officer as directed by the Court or probation officer and submit a truthful and complete written report within the first five days of each month. In its petition, the government alleges that Defendant violated this condition of supervised release by admitting on March 29, 2016 that he had submitted false monthly supervision reports in December 2015, January 2016, February 2016, and March 2016. The government alleges that in these reports, Defendant claimed he was employed by NBR Sand but later admitted that on November 1, 2015 he had been terminated from NBR Sand. The government alleges that Defendant did not report his termination to the probation office. The government also alleges that on May 3, 2016, the probation officer contacted Defendant and instructed him to report to the probation office on May 4, 2016. The government alleges that Defendant failed to report as directed.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by failing to submit truthful and complete written reports for December 2015, January 2016, February 2016, and March 2016; by claiming false employment; or by failing to report to the probation office as directed on May 4, 2016, Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of IV, the Guideline Imprisonment Range for a Grade C violation is 6 to 12 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by

committing the acts alleged above. In exchange, the government agreed to recommend a sentence of 9 months with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Gregory Dewayne Bolton be committed to the custody of the Bureau of Prisons for a term of imprisonment of 9 months with no supervised release to follow. The Court **FURTHER RECOMMENDS** that Defendant undergo substance abuse counseling and receive drug treatment. The Court **FURTHER RECOMMENDS** that the place of confinement be Seagoville in order to facilitate family visitation and drug treatment.

**So ORDERED and SIGNED this 7th day of February, 2017.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE